# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00304-CV

### In re On Track Experience, LLC d/b/a Central Texas Speedway

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator On Track Experience, LLC d/b/a Central Texas Speedway ("Central Texas Speedway") has filed a petition for writ of mandamus seeking relief from the discovery-sanction order rendered by the trial court on May 19, 2021. That order struck a waiver signed by real party in interest Robert Teer and excluded it from being used in any proceeding or trial in the underlying matter. For the reasons explained below, we conditionally grant mandamus relief.

### BACKGROUND

This discovery-sanction dispute arises out of a personal-injury lawsuit. On June 17 and 18, 2016, Teer visited Central Texas Speedway as a crew member for his son's racing team. Prior to entering the pit area of the racetrack on the first day, Teer signed a Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement (the "Waiver"). The parties agree that when Teer signed the Waiver, the top line of the document—listing the event/location and the date—was left blank. Meredith Teague, the general manager for the racetrack, testified at her deposition that she was not working the sign-in area at the time and that

she filled in the missing event/location and date on the Waiver probably at the end of that night after Teer signed.

During the scheduled race on June 18, 2016, two race cars crashed near where Teer was standing in the pit area to watch the race. One of the cars struck a safety fence and severely injured Teer. Teague testified that she completed an incident report after the crash for Central Texas Speedway's insurance company.

On March 19, 2018, Teer filed suit against Central Texas Speedway, asserting claims related to his injuries from the crash. Central Texas Speedway answered with numerous affirmative defenses, including that Teer's claims were barred by the signed Waiver. Central Texas Speedway later moved for summary judgment on that affirmative defense. Teer thereafter moved for discovery sanctions, asserting that Central Texas Speedway had spoliated the Waiver when Teague filled in the missing information on the top line of the Waiver. After considering the parties' arguments, the trial court ruled that the Waiver was excluded under Texas Rule of Civil Procedure 215(b)(4). *See* Tex. R. Civ. P. 215(b)(4) (authorizing trial court to prohibit party from introducing designated matters into evidence as discovery-related sanction). The trial court made no finding either as to the validity or enforceability of the Waiver or as to whether it considered alternative sanctions. The trial court thereafter signed an order on May 19, 2021, ordering that the Waiver be stricken and excluded from use in any proceedings or trial in the personal-injury suit.

Central Texas Speedway seeks mandamus relief, contending that the trial court abused its discretion by granting the motion for discovery sanctions and excluding the Waiver.

**STANDARD OF REVIEW**

Mandamus relief is an extraordinary discretionary remedy only available when the trial court abuses its discretion and relator has no adequate remedy by appeal. *See In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36, 138 (Tex. 2004) (orig. proceeding). We review a trial court's imposition of a spoliation remedy for abuse of discretion. *See Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 27 (Tex. 2014). A court "abuses its discretion if it acts without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable." *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020).

The imposition of remedies for evidence spoliation is governed by a two-step framework: (1) the trial court must determine whether a party spoliated evidence, and (2) if spoliation occurred, the court must exercise its discretion in assessing an appropriate remedy. *Brookshire Bros.*, 438 S.W.3d at 14. First, spoliation occurs when the spoliating party intentionally or negligently breached its duty to reasonably preserve evidence. *See Petroleum Sols., Inc. v. Head*, 454 S.W.3d 482, 488 (Tex. 2014). That duty only arises, however, when the party "knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim." *Id*. (quoting *Brookshire Bros.*, 438 S.W.3d at 20); *see also Brookshire Bros.*, 438 S.W.3d at 20 (defining "substantial chance" as when "litigation is more than merely an abstract possibility or unwarranted fear").

If the trial court finds that spoliation occurred, then the court exercises its discretion to impose a remedy that directly relates to the spoliation and that must not be excessive. *Brookshire Bros.*, 438 S.W.3d at 21. An appropriate remedy "should weigh the

3

spoliating party's culpability and the prejudice to the nonspoliating party." *Petroleum*, 454 S.W.3d at 488. The trial court must also consider the availability of lesser sanctions and "in all but the most exceptional cases, actually test the lesser sanctions." *Id*. at 489 (quoting *Cire v. Cummings*, 134 S.W.3d 835, 841 (Tex. 2004)). The trial court does not need to test the effectiveness of all available lesser sanctions by actually imposing them before issuing the death penalty but must "analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed." *Cire*, 134 S.W.3d at 840. Ultimately, these requirements exist to ensure that any remedy crafted by the trial court comports with the purpose underlying spoliation remedies generally: restoring the parties to a "rough approximation" of what their respective positions would be if the evidence was still available in its unaltered form. *See Brookshire Bros*., 438 S.W.3d at 21.

## ABUSE OF DISCRETION

Central Texas Speedway contends that the trial court abused its discretion by finding spoliation occurred and imposing the death-penalty sanction of excluding the Waiver, effectively preventing Central Texas Speedway from presenting an affirmative defense to the underlying personal-injury lawsuit. Assuming arguendo that Central Texas Speedway spoliated the Waiver,[1] the trial court abused its discretion by excluding the Waiver in its entirety. *See*

---

[1] Spoliation occurs only if the party breaches its duty to preserve material and relevant evidence. *See Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 20 (Tex. 2014). Whether Teague's later modifications to the Waiver constitute spoliation may depend on the trial court's also finding that the Waiver was not an enforceable contract without the missing information. *See Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990) (stating that "a release is a contract"); *see also Dresser Indus., Inc. v. Page Petroleum, Inc*., 853 S.W.2d 505, 509 (Tex. 1993) (describing requirements for enforceable release). If the Waiver is enforceable even without the later-added portions, it is not clear from the record before us that the markings would even constitute spoliation. But the trial court appears to have not yet determined the enforceability of the Waiver.

4

*Petroleum*, 454 S.W.3d at 489 (deciding that remedy was abuse of discretion without deciding whether spoliation occurred). The sanction imposed must be "just." *Id*. The Parties do not dispute that Teer signed the Waiver at the racetrack prior to the event, and that when he signed it, only the top line of the Waiver (listing the event description and date) was left blank. That is, the alleged spoliation was narrowly limited to the alleged offensive conduct of a Central Texas Speedway representative altering one line of the Waiver to add in the missing information. Sanctioning Central Texas Speedway by excluding the entire Waiver is excessive because the prejudice suffered by Teer is limited; the scope of any spoliating conduct is known, and the unaltered portions of the Waiver are still available to the parties. *Id*. at 490 (explaining that sanctions are abuse of discretion when wrongful conduct does not deprive party "of any meaningful ability to present their claims"). Moreover, excluding the Waiver runs contrary to the remedial purpose of a spoliation remedy by placing Teer in a better position than if the Waiver had been available in an unaltered state. *See Brookshire Bros*., 438 S.W.3d at 21 (explaining spoliation is intended "to restore the parties to a rough approximation of their positions if all evidence were available").

Furthermore, nothing in the record demonstrates that the trial court considered the availability of lesser sanctions or otherwise made any finding that the present dispute constituted an "exceptional case" where lesser sanctions would not promote compliance. *See Petroleum*, 454 S.W.3d at 489; *see also Cire*, 134 S.W.3d at 840–41; *In re First Transit Inc.*, 499 S.W.3d 584, 592 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) ("Thus, a trial court either must impose lesser sanctions first or must clearly explain on the record why the case is an exceptional case where it is fully apparent that no lesser sanctions could promote compliance."). Even assuming that Central Texas Speedway intentionally spoliated the Waiver by adding the

missing information, "the trial court is still required to explain that it considered lesser sanctions before imposing sanctions that preclude a party's ability to present the merits of its claims*." In re First Transit*, 499 S.W.3d at 592. That explanation is absent here, leaving Central Texas Speedway with a death-penalty sanction, effectively barring it from relying on a case-determinative affirmative defense. *See Penny v. El Patio, LLC*, 466 S.W.3d 914, 922 (Tex. App.—Austin 2015, pet. denied) (explaining that death-penalty sanctions "are not appropriate unless the offensive conduct justifies a presumption that the party's claims or defenses lack merit").

Accordingly, the trial court abused its discretion by excluding the Waiver when that sanction did not comply with the procedural and substantive standards governing spoliation remedies. *See Petroleum*, 454 S.W.3d at 490.

## NO ADEQUATE REMEDY BY APPEAL

Central Texas Speedway also lacks an adequate remedy by appeal. Although orders imposing sanctions are generally reviewable on appeal from final judgment, *see In re Xterra Constr., LLC*, 582 S.W.3d 652, 665 (Tex. App.—Waco 2019, orig. proceeding), excluding the Waiver from being used in the underlying proceeding prevents Central Texas Speedway from asserting a case-determinative affirmative defense, *see GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 732 (Tex. 1993) ("We have previously held that appeal from the imposition of case determinative, or 'death penalty', sanctions is inadequate, unless the sanctions are imposed simultaneously with a final, appealable judgment." (citing *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 920 (Tex. 1991))); *see also In re Garza*, 544 S.W.3d 836, 843 (Tex. 2018) (concluding no adequate remedy by appeal existed from non-death penalty

6

discovery sanction order).  Teer contends that Central Texas Speedway still has other affirmative defenses, but the fact that Central Texas Speedway "could present different, possibly less compelling, arguments does not minimize the crippling effect of the trial court's order."  *In re Allstate Indem. Co*., 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding).  We therefore conclude that an appeal provides an inadequate remedy, and mandamus relief is appropriate.

## CONCLUSION

We conditionally grant Central Texas Speedway's petition for writ of mandamus and direct the trial court to vacate its May 19, 2021 order granting the motion for discovery sanctions.  The writ will issue only if the trial court fails to comply.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed:   October 20, 2021